UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  DAVID R. LINSNER,  Defendant. | Case No. 20-cv-40003-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a letter received from defendant David R. Linsner, which the Court construes as a motion for a sentence reduction (Doc. 32). Linsner asks the Court to modify his sentence to home confinement for the rest of his sentence in light of his accomplishments in prison, his good behavior, and his conditions of confinement.

The Court entered final judgment in this case in October 2020 and no longer has jurisdiction to modify that judgment in these circumstances. "Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule." *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009)).

> A district court's jurisdiction to alter a sentence on the defendant's motion is extremely limited. For a brief period after sentencing the court may entertain a motion to reconsider, *United States v. Healy,* 376 U.S. 75, 84 S. Ct. 553, 11 L. Ed.2d 527 (1964); *United States v. Rollins,* 607 F.3d 500, 502-04 (7th Cir. 2010). Otherwise the court is limited by 18 U.S.C. § 3582(c), which precludes modification of a prison term except on motion of the Bureau of Prisons, *id.* § 3582(c)(1)(A), or when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *id.* § 3582(c)(2), or when "expressly permitted by statute or by Rule 35," *id.* § 3582(c)(1)(B). *See United States v. Redd,* 630 F.3d 649, 650-51 (7th Cir. 2011); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Lawrence,* 535 F.3d 631, 637 (7th Cir. 2008).

*United States v. Jumah*, 431 F. App'x 494, 496 (7th Cir. 2011). The First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)), added an additional avenue for an inmate to request relief independently under § 3582(c)(1)(A).

Linsner's request falls into none of these categories. The "brief period after sentencing" in which reconsideration is allowed has long passed. Additionally, the Court does not have any authority under 18 U.S.C. § 3582(c)(2) to reduce Linsner's sentence because of a retroactive guideline amendment, and neither Linsner nor the warden of his institution has requested relief under 18 U.S.C. § 3582(c)(1) for extraordinary and compelling reasons. Linsner has cited no other statute or rule that permits a reduction. In sum, the Court has no jurisdiction to grant Linsner the discretionary sentence reduction he seeks.

Additionally, the Court has no jurisdiction to order Linsner be placed on home confinement. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement). The defendant may

seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

For these reasons, the Court **DISMISSES for lack of jurisdiction** Linsner's motion for a sentence reduction (Doc. 32), although it **DIRECTS** the Clerk of Court to send him a blank Civil Complaint for Civil Rights Violation by a Person in Custody in case he wants to file a complaint about his conditions of confinement.

**IT IS SO ORDERED.**
**DATED:   May 5, 2025**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**